United States District Court
Southern District of Texas
**ENTERED**
August 04, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARD T. TEAL, <br> TDCJ #1508728, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-21-1945 |

## MEMORANDUM OPINION AND ORDER

Leonard T. Teal (TDCJ #1508728) has filed a Petition For a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a judgment of conviction that was entered against him in 2008. Teal has also filed a Petition for Leave to File Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254, which is construed as a supporting memorandum of law ("Memorandum") (Docket Entry No. 2), a Petition Requesting Suspension of Rules requiring him to provide copies of his pleadings to the respondent (Docket Entry No. 3), and a Petition Requesting an Evidentiary Hearing (Docket Entry No. 4). After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

I. **Background**

On May 14, 2008, Teal was convicted by a jury in the 179th District Court of Harris County, Texas, and sentenced to forty years' imprisonment in Cause No. 1091458.[1] Court records reflect that Teal was convicted of aggravated robbery in two cases (Cause Nos. 1091458 and 1091459), which were tried separately and affirmed during a consolidated appeal. See Teal v. State, Nos. 14-08-00434-CR, 14-08-00546-CR, 2009 WL 2933723 (Tex. App. — Houston [14th Dist.] Sept. 15, 2009, pet. ref'd). The Texas Court of Criminal Appeals refused Teal's petition for discretionary review on February 24, 2010.

In a federal habeas Petition that is dated June 9, 2021,[2] Teal contends that he is entitled to relief from his conviction in Cause No. 1091458 for the following reasons:

1. He was denied effective assistance of counsel during the plea bargain process when his attorney failed to consult with a fingerprint expert before his first trial.

2. His defense counsel was ineffective for failing to conduct an adequate pretrial investigation regarding the fingerprint evidence against him.

---

[1] Petition, Docket Entry No. 1, p. 2. For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2] Teal signed the Petition on June 9, 2021, indicating that he placed his pleadings in the prison mail system for delivery to the court on that same day. See Petition, Docket Entry No. 1, p. 11. His pro se submissions are treated as filed on the date he placed them in the prison mail system under the prison mailbox rule, which also applies to post-conviction proceedings in Texas. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013).

    3.    The judgment is "null and void" because the visiting judge who presided over his trial failed to take the "Oath of Office" before the start of the proceeding.[3]

Teal reports that these claims were denied or dismissed without a written order by the Texas Court of Criminal Appeals in two separate state habeas corpus proceedings that he filed under Article 11.07 of the Texas Code of Criminal Procedure.[4]

## II.  Discussion

### A.  The One-Year Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which established a one-year statute of limitations on federal habeas review. The applicable limitations period, which is found in 28 U.S.C. § 2244(d), provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3]Petition, Docket Entry No. 1, pp. 7-8.

    at 4-5.

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Teal has submitted his claims for relief on a standard form Petition that sets out the AEDPA statute of limitations in full, affording him notice and an opportunity to explain why the Petition is not time-barred.[5] See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006) (noting that a court must assure that the parties have "fair notice and an opportunity to present their positions" before dismissing a pro se petition as barred by limitations).

    Because Teal challenges a state court judgment, the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)(A) began to run when his time to seek direct review expired. As noted above, the Texas Court of Criminal Appeals denied his petition for discretionary review on February 24, 2010. Although Teal did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court, his time to do so expired ninety days later on May 25, 2010. See Sup. Ct. R. 13.1. That date triggered the statute of limitations found in 28 U.S.C.

---

[5]See at 10.

§ 2244(d)(1)(A), which expired one year later on May 25, 2011. The pending federal Petition, which was filed on June 9, 2021, is over ten years late and is therefore time-barred unless a statutory or equitable exception applies.

B.  **Teal is Not Entitled to Statutory Tolling**

A federal habeas petitioner may be entitled to tolling under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Teal reports that he filed an initial state habeas corpus application on September 19, 2018, which the Texas Court of Criminal Appeals denied without written order on September 18, 2019.[6] Teal filed a second state habeas corpus application on May 13, 2020, which the Texas Court of Criminal Appeals dismissed without written order on April 21, 2021.[7] Because these state habeas proceedings were filed well after the limitations period had already expired, they have no tolling effect for purposes of § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

---

[6] See    at 4.

The pleadings do not disclose any other basis for statutory tolling. Teal does not allege facts showing that state action prevented him from filing a timely federal petition. See 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Likewise, he does not demonstrate that his allegations are based on a "new factual predicate" that could not have been discovered previously if he had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D). As a result, statutory tolling will not save Teal's untimely Petition.

C. Equitable Tolling Is Not Available

The statute of limitations may be tolled for equitable reasons, but the Supreme Court has emphasized that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). The chronology in this case reflects extensive delay, and Teal offers no explanation for his failure to pursue habeas review with the requisite diligence. The Fifth Circuit has repeatedly held that "[E]quity is not intended for those who sleep on their rights." Manning v. Epps, 688 F.3d 177, 183 (5th Cir. 2012) (internal quotation marks and citations omitted).

Teal argues that he is entitled to equitable tolling because the judgment in his case was "null and void" -- reasoning that he is therefore actually innocent.[8] If proven, actual innocence may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To be credible a habeas petitioner must support a claim of actual innocence with "new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 115 S. Ct. 851, 865 (1995). To prevail on such a claim a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in [] light of the new evidence." Id. at 867. Teal does not demonstrate that he is actually innocent under this standard.[9]

Absent a showing that he is actually innocent, Teal is not entitled to tolling under McQuiggin. Because the pleadings do not otherwise disclose a valid basis for tolling the statute of

---

[8] See id. at 10.

[9] Teal's underlying claim that his conviction is void, which is based on an assertion that the visiting judge who presided at his trial had not taken the oath of office required by Texas law, is one that has been repeatedly rejected as not cognizable under 28 U.S.C. § 2254. See Pierce v. Director, TDCJ-CID, Civil Action No. 4:06cv258, 20 WL 1796137, at *17 (E.D. Tex. April 26, 2013) (citations omitted); Turner v. Quarterman, No. A-08-811-SS, 2009 WL 2406203, at *8 (W.D. Tex. Aug. 3, 2009); Ramos v. Dretke, No. Civ. A. 4:04CV459-A, 2005 WL 39144, at *3 (N.D. Tex. Jan. 6, 2005), rec. adopted, 2005 WL 233952 (N.D. Tex. Jan. 31, 2005).

limitations, the court concludes that this action must be dismissed as untimely filed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because jurists of reason would not debate whether the Petition was properly dismissed, a certificate of appealability will not issue in this case.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) filed by Leonard T. Teal is **DISMISSED WITH PREJUDICE**.

2.  All of the petitioner's pending motions, including his Petition Requesting Suspension of Rules (Docket Entry No. 3) and his Petition Requesting an Evidentiary Hearing (Docket Entry No. 4), are **DENIED**.

3.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 3rd day of August, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE